**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 1:26-cr-00044-RDM-1** |
| | : | |
| **EDWIN JONATHAN RODRIGUEZ** | : | |
| | : | |
| **Defendant.** | | |

**<u>UNITED STATES' SENTENCING MEMORANDUM</u>**

Defendant Edwin Jonathan Rodriguez ("Defendant") unlawfully carried a loaded Glock pistol in the District of Columbia while simultaneously possessing approximately 20 ounces of marijuana together with numerous items commonly associated with marijuana sales, including packaging materials, a digital scale, a grinder, and multiple vape pens. At the same time, Defendant is a first-time offender, possessed a Maryland concealed carry permit, and has completed a 10-week outpatient treatment program for cannabis use disorder.

Balanced against those mitigating considerations is the seriousness of Defendant's conduct and the need to protect the public. In a city that continues to struggle with the proliferation of illegal firearms and the violence they fuel, a sentence of 18 months of incarceration, with all but 6 months suspended and three years of supervised probation, is sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and achieve both general and specific deterrence.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

On the evening of Tuesday, August 19, 2025, officers with the Metropolitan Police Department and their federal law enforcement partners were conducting routine patrol in an unmarked vehicle in the 800 block of Maine Ave SW, Washington, D.C. *See* ECF No. 38 (Statement of Offense in Support of Guilty Plea). While on patrol, officers observed a white Lexus

bearing a Maryland license plate traveling eastbound in the 900 block of Maine Ave SW. *Id*. Officers also observed that the Lexus did not have a license plate affixed to the front bumper, in violation of Title 18, Section 422.1 of the District of Columbia Municipal Regulations, which requires vehicle identification tags to be clearly displayed on the front and rear of the vehicle. *Id*.

Based on that observation, Officer Clermont conducted a traffic stop and approached the driver of the vehicle, later identified as Edwin Rodriguez ("Defendant"). *Id*. During the initial encounter, Officer Clermont requested Defendant's license, registration, and proof of insurance. *Id*. As Defendant retrieved his wallet, officers observed a visible Maryland concealed carry permit. *Id*. Although Defendant possessed a Maryland concealed carry permit, he did not have a license to carry a firearm in Washington, D.C. *Id*.

Officers asked Defendant whether he had a firearm in the vehicle. *Id*. Defendant responded that he did and stated that it was inside a Louis Vuitton bag on the back floorboard. *Id*. Officers then asked Defendant to step out of the vehicle. *Id*. Defendant complied and was detained. Officers searched the black Louis Vuitton crossbody bag located on the rear floorboard of the Lexus and recovered a black 9mm Glock, serial number BTFS128, with a fully loaded 10 round magazine and with one round chambered. *Id*. A photograph of the firearm inside the crossbody bag is pictured in Figure 1 below.



*Figure 1. Photograph of Glock inside crossbody bag.*

The recovered firearm was a fully functional 9mm Glock pistol designed to expel a projectile by the action of an explosion. *Id*. The firearm had a barrel length of less than 12 inches and was capable of being fired with one hand. *Id*. Officers also recovered two additional magazines from the same black Louis Vuitton crossbody bag: one large-capacity magazine loaded with nineteen rounds of 9mm ammunition, and one 10-round magazine loaded with 10 rounds of 9mm ammunition. *Id*.

Officers recovered from the Lexus a large vacuum-sealed bag filled with a green leafy substance consistent with marijuana from the front passenger-side floorboard. *Id*. The green leafy substance tested positive for the presence of THC and weighed approximately 17.92 ounces. *Id*. Officers also recovered a black cloth bag on the front passenger seat containing sixteen vape pens: six Muha Med THC vape pens, six Boutiq Switch THC vape pens, two Orange-labeled "Ace Ultra Premium" THC vape pens, and two "Live Diamonds" THC vape pens. *Id*.

Officers recovered an assortment of paraphernalia that can be consistent with drug sales, including clear sandwich baggies and a grinder from the glove compartment. *Id*. From a cooler located in the trunk, officers recovered two clear mason jars, one black digital scale with batteries, 17 silver zip bags, and two large clear Ziplock bags containing multiple smaller clear zip bags filled with a green leafy substance. *Id*. The green leafy substance tested positive for the presence of THC and weighed approximately 2.49 ounces. *Id*. A photograph of the items seized from the vehicle driven by Defendant is shown pictured in Figure 2 below.



*Figure 2. Items seized from White Lexus Defendant was driving.*

Officers ran the firearm's serial number through law enforcement databases, which confirmed that the firearm was not registered in the District of Columbia. A search of law enforcement databases also confirmed that Defendant did not possess a license to carry a firearm in the District of Columbia. Defendant was arrested and transported to the First District.

On August 22, 2025, the United States filed a criminal complaint charging Defendant with violating 18 U.S.C. Section 924(c) (using, carrying, and possessing a firearm in furtherance of a drug trafficking crime) and 21 U.S.C. Sections 841(a)(1) and (b)(1)(D) (possession with intent to distribute less than 50 kg of marijuana). ECF No. 1. Law enforcement executed an arrest warrant based on those charges. ECF No. 3. Later that day, Defendant made his initial appearance and was arraigned on the criminal complaint. *See* Minute Entry on August 22, 2025. At a detention hearing held on August 27, 2025, Defendant was released on conditions of release, including GPS monitoring. *See* Minute Entry on August 27, 2025. On January 23, 2026, the court ordered that Defendant be removed from GPS monitoring. *See* PSR at para. 9.

On March 10, 2026, the United States filed a two-count information, charging Defendant with Carrying a Pistol Without a License, in violation of D.C. Code Section 22-4504(a)(1), and Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. Section 841(a)(1) and (b)(1)(D). ECF No. 34. On March 25, 2026, Defendant pleaded guilty to Count One of the Information pursuant to a written plea agreement. *See* Minute Entry on March 25, 2026.

## II.   DISCUSSION AND SENTENCING RECOMMENDATION

The United States agrees with the Pre-Sentence Report that under the D.C. Voluntary Guidelines, Defendant's offense severity is Group 8. *See* PSR at para. 4. The parties also agree that Defendant's Criminal History Score is A (with 0 criminal history points), resulting in a guidelines range of 6 to 24 months' imprisonment. *Id.* at para. 64. The United States recommends that the Court sentence Defendant to 15 months' incarceration followed by a three-year term of probation. Under the totality of circumstances, the recommended sentence appropriately balances the sentencing factors set forth in 18 U.S.C. Section 3553(a) and reflects the seriousness of the offense while accounting for Defendant's individual circumstances.

### A.   Nature and Circumstances of the Offense

The nature and circumstances of the offense warrant a meaningful custodial sentence. Defendant knowingly carried a loaded Glock pistol in a designer Louis Vuitton bag without a valid District of Columbia license. The firearm contained a round in the chamber and a fully loaded magazine, and officers recovered two additional magazines from the same bag, including a large-capacity magazine. The firearm was possessed alongside marijuana packaged in a manner indicative of distribution, numerous THC vape pens, packaging material, a digital scale, and a grinder. Although those surrounding circumstances could support competing inferences regarding Defendant's intended use of the marijuana, they demonstrate that Defendant chose to carry a loaded

5

firearm while simultaneously possessing a substantial quantity of marijuana and related paraphernalia. The presence of a loaded firearm alongside those items significantly increase the danger posed by Defendant's conduct. Illegal firearms pose a substantial threat to public safety, and that threat is heightened when they are carried in connection with other criminal activity. Although Defendant pleaded guilty to Carrying a Pistol without a License, the Court may properly consider the full circumstances surrounding that offense in determining an appropriate sentence. Under these circumstances, a sentence of 18 months of incarceration, with all but 6 months suspended and three years of supervised probation, appropriately reflects the seriousness of the offense, promotes respect for the law, and provides just punishment.

### B.    <u>**History and Characteristics of Defendant**</u>

The Court must consider Defendant's history and characteristics under 18 U.S.C. Section 3553(a)(1). Defendant is 26 years old with no prior criminal convictions. *See* PSR at para. 26. He was raised in a stable household, maintains close relationships with family, and has consistently worked in skilled trades. *Id*. at paras. 32, 33, and 49-54. Defendant's lack of criminal history and positive personal characteristics are appropriately considered mitigating factors. The Court should also credit Defendant's post-arrest efforts toward rehabilitation and substance abuse treatment. *Id*. at para. 43.

Nevertheless, those positive characteristics do not outweigh the need for a meaningful custodial sentence. This is not a case involving a defendant whose difficult upbringing, instability, or lack of opportunity contributed to his criminal conduct. Rather, despite the advantages of family support, steady employment, and the ability to make lawful choices, Defendant knowingly violated the law. Nothing about Defendant's offense conduct or personal circumstances warrants a sentence below the Guidelines' recommended range. Under these circumstances, a sentence of 18 months of incarceration, with all but 6 months suspended and three years of supervised probation

appropriately recognizes Defendant's mitigating characteristics while ensuring the sentence reflects the seriousness of the offense and satisfies the purposes of sentencing under 18 U.S.C. Section 3553(a).

### C.    The Need for the Sentence to Be Imposed

Deterrence encompasses two goals: general deterrence, or the need to deter crime generally, and specific deterrence, or the need to protect the public from further crimes by this defendant. 18 U.S.C. Sections 3553(a)(2)(B-C); *United States v. Russell*, 600 F.3d 631, 637 (D.C. Cir. 2010). A custodial sentence is necessary in this case to afford adequate general deterrence to the surrounding community. In Washington, D.C., illegal firearm possession remains a persistent public safety concern. As of June 27, 2026, the Metropolitan Police Department recovered 1,276 firearms in the District during the first six months of the year alone. *See* MPD Firearm Recoveries Dashboard, https://mpdc.dc.gov/page/firearm-recoveries (last visited June 28, 2026). A custodial sentence is necessary to deter others from unlawfully carrying loaded firearms in the District of Columbia and to reinforce the importance of compliance with the city's firearms laws.

Here, Defendant chose to carry a loaded Glock pistol, with a round chambered and multiple loaded magazines, without a valid District of Columbia license. In a jurisdiction where illegal firearms remains a pervasive issue in the city's neighborhoods, a meaningful custodial sentence will send a message that those who choose to unlawfully arm themselves will face consequences for their actions, thereby advancing the important goal of general deterrence.

A custodial sentence is also necessary to deter Defendant from future criminal conduct. Defendant made a deliberate decision to carry a loaded firearm, and two loaded magazines, including a large capacity magazine while simultaneously possessing marijuana packaged in a manner indicative of distribution. These were not impulsive or momentary acts. Instead, Defendant made a series of deliberate choices: he chose to carry a loaded firearm without a District of

Columbia license; he chose to carry two loaded magazines, including a large-capacity magazine; and he chose to do so while simultaneously possessing marijuana packaged in a manner commonly associated with sales. Those choices reflect a conscious decision to disregard the District of Columbia's firearm laws. A sentence of 18 months of incarceration, with all but 6 months suspended and three years of supervised probation is sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and deter Defendant from future criminal conduct.

### D.    The Need to Avoid Unwarranted Sentence Disparities

The Court must also consider the need to avoid unwarranted sentencing disparities among similarly situated defendants. 18 U.S.C. Section 3553(a)(6). The D.C. Voluntary Sentencing Guidelines promote consistency and proportionality in sentencing by recommending similar sentencing outcomes for offenders with comparable offense conduct and criminal histories. Here, the applicable Guidelines recommend a sentence of 6 months to 24 months, with either a long or short split sentence or probation permissible. A sentence of 18 months of incarceration, with all but 6 months suspended and three years of supervised probation remains toward the lower end of the recommended Guidelines range, while recognizing Defendant's lack of criminal history and other mitigating circumstances.

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court sentence Defendant to 15 months' incarceration, followed by a three-year term of probation. Such a sentence appropriately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, and avoids unwarranted sentencing disparities under 18 U.S.C. Section 3553(a).

Respectfully submitted,

JEANINE FERRIS PIRRO
 UNITED STATES ATTORNEY

By: */s/ Syeda Sarah Akhtar*
SYEDA SARAH AKHTAR
Assistant United States Attorney
Maryland Bar
601 D Street, NW
Washington, DC 20530